IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

LEONARD ROLLING, 405832, )
       Petitioner, )
)
v. ) No. 3:07-CV-1250-K
) ECF
NATHANIEL QUARTERMAN, )
Director TDCJ-CID, )
       Respondent. )

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the United States Magistrate Judge pursuant to 28 U.S.C. § 636(b) and a standing order of reference from the district court. The Findings, Conclusions and Recommendation of the Magistrate Judge are as follows:

**I. Background**

Petitioner pled guilty to murder and was sentenced to forty years in prison. *The State of Texas v. Leonard Rolling*, No. F85-86966-MI (2nd Dist. Ct., Dallas County, Tex. June 27, 1985). On May 21, 1999, Petitioner was released to mandatory supervision. On June 12, 2003, his mandatory supervision was revoked.

Petitioner does not challenge his conviction. Instead, he challenges the loss of his accrued good time credits when his mandatory supervision was revoked.

Prior to filing this action, Petitioner exhausted his administrative remedies. On August 29, 2003, Petitioner filed a time credit dispute resolution form with TDCJ. On March 18, 2004, the TDCJ denied Petitioner's claim. On July 26, 2006, Petitioner filed a state petition for writ of

habeas corpus challenging his time credit.[1] *Ex parte Rolling*, No. 62,437-04. On June 13, 2007, the Court of Criminal Appeals dismissed the petition as an abuse of the writ.

On July 9, 2007, Petitioner filed this federal petition. On October 24, 2007, Respondent filed his answer. On November 25, 2007, Petitioner filed a traverse. The Court now determines the petition is barred by limitations and should be dismissed.

## II. Discussion

### A. Statute of Limitations

The AEDPA establishes a one-year statute of limitations for federal habeas proceedings. *See* Antiterrorism and Effective Death Penalty Act, Pub.L. 104-132, 110 Stat. 1214 (1996). The one-year period is calculated from the latest of either: (A) the date on which the judgment of conviction became final; (B) the date on which an impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such action; (C) the date on which the Supreme Court initially recognizes a new constitutional right and makes the right retroactively applicable to cases on collateral review; or (D) the date on which the facts supporting the claim became known or could have become known through the exercise of due diligence. *See* 28 U.S.C. § 2244(d)(1)(A)-(D).

Petitioner does he base is petition on any new constitutional right under subparagraph (C). With regard to subparagraph (A), the Court determines that it is inapplicable because it

---

[1]On February 5, 2008, Petitioner filed a state application for habeas relief challenging his conviction. *Ex parte Rolling*, No. 62,437-02. The application did not challenge his time credits. On October 5, 2005, the Court of Criminal Appeals denied the petition without written order on the findings of the trial court.

pertains to direct review of "the judgment," which is not at issue in this case.

Petitioner instead alleges: (1) a state-created impediment under subparagraph (B) prevented him from filing his federal petition, and (2) he complied with subparagraph (D) by filing his petition within one year from the date he became aware of his claim.

### 1. Factual Predicate Under Subparagraph (D)

Under subparagraph (D) of § 2244(d)(1), the limitations period begins to run from the date on which the facts supporting the claim became known or could have become known through the exercise of due diligence. Petitioner states he was not informed until sometime between July 28, 2003, to August 29, 2003, that his previously earned good time credits would be forfeited. Respondent has submitted no evidence that Petitioner was informed prior to this date that his good time credits would be forfeited. The Court therefore considers August 29, 2003, as the starting date for limitations purposes. Petitioner then had one year, or until August 29, 2004, to file his federal petition.

A properly filed request for administrative review tolls the AEDPA statute of limitations. *See Shaftner v. Quarterman*, No. 3:07-CV-1748-L, 2008 WL 555351 at *3 (N.D. Tex. Feb. 29, 2008), *citing Kimbrell v. Cockrell*, 311 F.3d 361, 364 (5th Cir. 2002). On August 29, 2003, Petitioner filed his request for administrative review. This request tolled the limitations period until March 18, 2004, when the TDCJ denied Petitioner's claim. Petitioner then had until March 18, 2005, to file his federal petition.

Under 28 U.S.C. § 2244(d)(2), the limitations period is also tolled during the pendency of state habeas proceedings. Petitioner's state habeas petition, however, was not filed until July 26, 2006, which was after the one-year limitations period expired. The state habeas petition

therefore did not toll the limitations period.

The federal limitations period expired on March 18, 2005. Petitioner did not file his federal petition until July 9, 2007. The petition is therefore untimely.

### 2. State-Created Impediment

Petitioner argues the state courts created an impediment to timely filing his federal petition by wrongfully dismissing his second state habeas petition as an abuse of the writ. The Court of Criminal Appeals denied Petitioner's first habeas petition on the merits. This petition only challenged Petitioner conviction, and did not challenge his time credits. When Petitioner filed his second habeas petition, which challenged his time credits, the state courts found that he was aware of his time credit claim at the time he filed his first habeas petition, and he therefore was procedurally barred from raising the claim in a second petition. The state court therefore dismissed the second petition. Petitioner's second petition, however, was filed after the AEDPA limitations period expired. Petitioner's claim of a state court impediment to timely filing his federal petition is therefore without merit.

### B. Equitable Tolling

The one-year limitation period is subject to equitable tolling in "rare and exceptional cases." *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998); *see also Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir.1999) (asserting that courts must "examine each case on its facts to determine whether it presents sufficiently 'rare and exceptional circumstances' to justify equitable tolling" (quoting *Davis*, 158 F.3d at 811)). The Fifth Circuit has held that " '[e]quitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights.' " *Coleman v.*

*Johnson*, 184 F.3d 398, 402 (5th Cir.1999) (quoting *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir.1996)). Petitioner bears the burden of proof to show he is entitled to equitable tolling. *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000).

Petitioner argues he is entitled to equitable tolling because the state courts improperly dismissed his second habeas petition. He argues his petition was properly filed and the state court erroneously dismissed the petition as an abuse of the writ. Petitioner's second habeas petition, however, was filed after the one year AEDPA limitations expired. The state court's dismissal of Petitioner's second habeas petition therefore did not prevent Petitioner from filing his federal petition. Petitioner has failed to establish rare and exceptional circumstances justifying equitable tolling in this case.

**RECOMMENDATION**:

The Court recommends that the petition for a writ of habeas corpus be dismissed with prejudice as barred by the one-year limitation period. *See* 28 U.S.C. §2244(d). The Court further recommends that all pending motions be denied.

Signed this 12th day of January, 2009.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

# INSTRUCTIONS FOR SERVICE AND
# NOTICE OF RIGHT TO OBJECT

The United States District Clerk shall serve a copy of these findings and recommendations on the parties. Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to these findings and recommendations must file and serve written objections within ten (10) days after being served with a copy. A party filing objections must specifically identify those findings and recommendations to which objections are being made. The District Court need not consider frivolous, conclusory or general objections. The failure to file such written objections to these proposed findings and recommendations shall bar that party from a *de novo* determination by the district court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, the failure to file written objections to proposed findings and recommendations within ten (10) days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996)(en banc).